RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN 25  P 3: 00

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eddie Hayes, | ) | C. A. No. 2:05-2368-TLW-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Mr. George Gintoli, Director, | ) | |
| South Carolina Department of | ) | |
| Mental Health; Mr. John | ) | |
| Connery, South Carolina | ) | |
| Department of Mental Health; | ) | |
| Mr. Jonathan Ozmint, Director | ) | |
| of South Carolina Department | ) | |
| of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

On August 16, 2005, the plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On November 29, 2005, the defendants filed a motion for summary judgment. By order of this court filed December 1, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding pro se, the court filed a second order on January 9, 2006, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action may be dismissed with prejudice for failure to prosecute, Davis

v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure.  The plaintiff did not respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action.  Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 25, 2006

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
The **Serious Consequences** of a Failure to Do So

 The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

 During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>, supra; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

3